**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES THOMAS, JR.<br>2344 Butler Street<br>Easton, PA 18042 | : |
|           Plaintiff | : |
| v. | :   Civil Action No.: |
| JUSTIN LIGOURI, *Individually<br>and in his official capacity as a police<br>officer for the City of Easton,*<br>48 N. 4th Street<br>Easton, PA 18042 | : |
| and | :   JURY TRIAL DEMANDED |
| QUENTIN CORNELIUS, *Individually<br>and in his official capacity as a police<br>officer for the City of Easton,*<br>48 N. 4th Street<br>Easton, PA 18042 | : |
| and | : |
| COREY LOLLIS, *Individually<br>and in his official capacity as a police<br>officer for the City of Easton,*<br>48 N. 4th Street<br>Easton, PA 18042 | : |
| and | : |
| ANDREW OCETNIK, *Individually<br>and in his official capacity as a police<br>officer for the City of Easton,*<br>48 N. 4th Street<br>Easton, PA 18042 | : |
| and | : |

BRIAN HERNCANE, *Individually
and in his official capacity as a police
officer for the City of Easton,*
48 N. 4th Street
Easton, PA 18042

and

THE CITY OF EASTON
123 South Third Street
Easton, PA 18042

and

WAWA
Red Roof, 260 W. Baltimore Pike
Wawa, PA 19063

                   Defendants

: : : : : : : : : : : : : : : : : : : : : :

---

## CIVIL ACTION – COMPLAINT

Plaintiff, CHARLES THOMAS, JR., brings this action against Defendants, JUSTIN LIGOURI, QUENTIN CORNELIUS, COREY LOLLIS, ANDREW OCETNIK, and BRIAN HERNCANE, individually and in their capacity as police officers for the City of Easton, the CITY OF EASTON, and WAWA in support thereof avers as follows:

### PARTIES

1.      Plaintiff, CHARLES THOMAS, JR., is an adult individual and resident of 2344 Butler Street, Easton, Pennsylvania, 18042.

2.      Defendant, JUSTIN LIGOURI, is an adult individual, and an employee of the City of Easton's Police Department.

3.      Defendant, QUENTIN CORNELIUS, is an adult individual, and an employee of the City of Easton's Police Department.

2

4.     Defendant, COREY LOLLIS, is an adult individual, and an employee of the City of Easton's Police Department.

5.     Defendant, ANDREW OCETNIK, is an adult individual, and an employee of the City of Easton's Police Department.

6.     Defendant, BRIAN HERNCANE, is an adult individual, and an employee of the City of Easton's Police Department.

7.     Defendant, CITY OF EASTON, is a municipality of the Commonwealth of Pennsylvania which owns, operates, manages, directs and controls the City of Easton Police Department.

8.     Defendant, WAWA, is a privately held company with headquarters located at Red Roof, 260 W. Baltimore Pike, Wawa, Pennsylvania 19063 and which owns, operates and manages convenience stores throughout the Commonwealth of Pennsylvania, including the convenience store located at 310 Larry Holmes Drive, Easton, PA 18042.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law, the United States Constitution and 42 U.S.C. § 1983.

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to determine Plaintiff's related state law claims.

11.     Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the unlawful practices alleged below occurred in this District and because all parties are found in this District.

3

## JURY TRIAL DEMAND

12.    Plaintiff hereby demands a trial by jury of all matters complained of.

## FACTUAL ALLEGATIONS

13.    On or about March 17, 2018, Plaintiff was a business invitee inside the Wawa, located at 310 Larry Holmes Drive in the City of Easton, Pennsylvania.

14.    The City of Easton Police Department maintained a policy, practice or duty of having police officers in full uniform at this Wawa at or near the time drinking establishments throughout the City of Easton close at 2:00a.m. particularly on Friday and Saturday nights.

15.    On March 17, 2018, the uniformed police officers at the Wawa included Defendants Liguori, Cornelius and Lollis, all of whom purchased coffee from Wawa and then stood together in the vestibule of Wawa for an extended period of time observing the store patrons' comings and goings.

16.    While in the vestibule, Defendants Liguori, Cornelius and Lollis focused their attentions on Plaintiff, who remained inside Wawa for approximately thirty minutes.

17.    Defendants Liguori, Cornelius and Lollis claim to have observed over a period of time Plaintiff stumbling, licking the air, twirling a candy bar in his mouth, and walking around aimlessly.

18.    During this period of time, the four to five Wawa employees inside the store continued to go about their work tasks, and none of them asked or indicated in any way to Defendants Liguori, Cornelius and Lollis that they wanted or needed police assistance or intervention with their customer, Plaintiff.

4

19. Defendants Liguori, Cornelius and Lollis upon their own initiative spoke with Plaintiff, who walked away from the officers towards the rear of Wawa, at which time these Defendants entered Wawa, and followed Plaintiff around demanding that he leave Wawa.

20. Ultimately, Defendants Liguori, Cornelius and Lollis seized Plaintiff and physically removed Plaintiff from Wawa, without just cause, while the Wawa employees stood by silently and watched.

21. Once outside, Defendants Liguori, Cornelius and Lollis maneuvered Plaintiff towards and against the front wall of Wawa which is a "dead zone", an area that is not the field of view of any of Defendant Wawa's multiple surveillance cameras.

22. While in the "dead zone" Defendants Liguori, Cornelius, and Lollis escalated the physical encounter with Plaintiff which ended when Plaintiff sustained a severe head laceration and other injuries requiring emergency medical treatment.

23. Moments after Plaintiff went to the ground, Defendant Ocetnik arrived on scene in his patrol vehicle which had an operable dash cam with audio and video capabilities.

24. As Defendant Ocetnik stepped out of his vehicle, he informed Defendants Liguori, Cornelius and Lollis that the dash cam was recording.

25. While waiting for the arrival of the emergency squad, Defendant Ocetnik was the highest ranking officer at the scene and he gave instructions to Defendants Liguori, Cornelius, Lollis and other unidentified police officers who arrived on scene after Plaintiff was already injured.

26. Plaintiff was unconscious by the time the advanced life support emergency squad arrived.

27. When the paramedic triggered Plaintiff's gag reflex, Plaintiff regained consciousness and immediately yelled out "the police did this to me!"

28.    As Plaintiff was transported by ambulance from Easton to St. Luke's in Bethlehem, he repeatedly came in and out of consciousness, and each time he regained consciousness he yelled out "the police did this to me!"

29.    At no time did Plaintiff pose a threat to the police or to the safety of any other person.

30.    At no time did Plaintiff commit or engage in any conduct which justified Defendants' abject refusal to provide Plaintiff relief from the significant pain caused by the manner in which he was handcuffed.

31.    Defendants Liguori, Cornelius, Lollis and Ocetnik filed criminal charges of resisting arrest, simple assault, public drunkenness and disorderly conduct against Plaintiff.

32.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered serious, permanent, painful bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life; was, is and may be required to undergo further medical treatment and to incur medical costs and expenses in order to alleviate his injuries, pain and suffering; and was, is and may be further precluded from engaging in normal activities and pursuits.

33.    As a direct and proximate result of Defendants' actions, Plaintiff has been caused to suffer and continues to suffer economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress, and psychological harm.

**COUNT ONE**
**(Plaintiff v. Liguori, Cornelius, Lollis, Ocetnik, Herncane and City of Easton)**
**USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983**

34.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

35.    As a direct and proximate result of the Easton Police Department Defendants' conduct, committed under color of state law, these Defendants deprived Plaintiff of his right to be secure in his person and property, as secured to him by the United States Constitution and guaranteed by 42 U.S.C. § 1983.

36.    The actions and conduct of Defendants Liguori, Cornelius and Lollis, who seized, detained, confined and charged Plaintiff in such a manner as to cause him physical injury, were caused and implemented by the Defendant, City of Easton's failure to properly train and supervise Officers Liguori, Cornelius and Lollis with respect to the constitutional limitations on their police powers.

37.    In adopting the policies and practices which led Officers Liguori, Cornelius and Lollis to forcibly seize and detain Defendant in a manner that caused Plaintiff physical injury, the City of Easton, violated rights secured to Plaintiff by the United States Constitution and guaranteed by 42 U.S.C. § 1983.

38.    As a direct and proximate cause of the acts and omissions of Defendants, Plaintiff has sustained, suffered and continues to suffer economic, actual and compensatory damages, including lost earnings, lost earning potential, physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for damages in the form of economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT TWO
### (Plaintiff v. City of Easton Only)
### 42 U.S.C. § 1983
### Municipal Liability

39.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

40.    Defendant, City of Easton failed to develop policies, practices or procedures, or developed and practiced policies or procedures with total disregard to Plaintiff's Constitutional rights, resulting in the violation of such rights.

41.    As a direct and proximate result of Defendant, City of Bethlehem's actions or failure to act, Defendant, City of Bethlehem has fostered, incubated and promoted a conscious disregard for the proper use of police powers, the proper response to the special needs of citizens, the proper limitations on use of physical force, by the failure to properly train and supervise Officer Manfredo.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT THREE
### (Plaintiff v. Defendants Ligouri, Cornelius, Lollis, Ocetnik and Herncane)
### ASSAULT

42.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

43.    In the course of arresting and detaining Plaintiff in a manner that he knew or should have known was painful and physically injurious to Plaintiff, Defendants Ligouri, Cornelius, Lollis,

8

Ocetnik and Herncane, acted with the intent to put the Plaintiff in fear of a harmful and offensive contact.

44. The acts of these Defendants caused Plaintiff a reasonable and immediate fear of a harmful and offensive contact which was without justification and constitutes an assault for which Defendants are individually liable.

45. As a direct and proximate result of individual Defendants conduct, Plaintiff has been caused to suffer economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT FOUR
### (Plaintiff v. Defendants Ligouri, Cornelius, Lollis, Ocetnik and Herncane)
### BATTERY

46. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

47. The acts of Defendants caused Plaintiff a reasonable and immediate fear of a harmful and offensive contact which was without justification and constitutes a battery for which Defendants are individually liable.

48. Defendants intentionally caused Plaintiff to suffer harmful and offensive conduct and to suffer serious injury.

49. As a direct and proximate result of individual Defendants conduct, Plaintiff has been

caused to suffer economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

**COUNT FIVE**
**(Plaintiff v. Wawa)**
**NEGLIGENCE**

50. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

51. The aforesaid accident and resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of Defendant for:

(a) Failing to properly maintain a safe structure for invitees, including Plaintiff, which resulted in Plaintiff's injuries;

(b) Failing to properly and adequately inspect, discover and make safe a dangerous condition of the premises as described above which constituted a hazard to Plaintiff;

(c) Failing to take all measures necessary under the circumstances to protect Plaintiff from a foreseeable risk of injury;

(d) Negligence with respect to the maintenance of the property, in that the dangerous condition was known, or should have been known to Defendants, yet Defendants

permitted it to exist for an unreasonably long period of time in a dangerous condition without correcting same.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT SIX
### (Plaintiff v. Wawa)
### NEGLIGENCE - PREMISES LIABILITY

52.    Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

53.    The aforesaid accident and resulting injuries and damages sustained by Plaintiff were caused as a direct and proximate result of the negligence, carelessness and other liability-producing conduct of Defendant for:

(a)    Failing to properly maintain a safe structure for invitees, including Plaintiff, which resulted in Plaintiff's injuries;

(b)    Failing to properly and adequately inspect, discover and make safe a dangerous condition of the premises as described above which constituted a hazard to Plaintiff;

(c)    Failing to take all measures necessary under the circumstances to protect Plaintiff from a foreseeable risk of injury;

(d)    Negligence with respect to the maintenance of the property, in that the dangerous condition was known, or should have been known to Defendants, yet Defendants permitted it to exist for an unreasonably long period of time in a dangerous condition without correcting same.

11

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendants for economic, actual and compensatory damages, including lost earnings, lost earning potential, severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

MESHKOV & BRESLIN

By: /s/Eleanor M. Breslin
    ELEANOR M. BRESLIN, ESQUIRE
    *Attorney for Plaintiff*
    Attorney I.D. 93914
    830 Lehigh Street
    Easton, PA 18042
    (T) 610.438.6300 / (F) 610.438.6304
    emb@meshkovbreslin.com