IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| CHARLES THOMAS, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 20-cv-01457-JMG |
| | : | |
| JUSTIN LIGUORI *et al.* | : | |
| Defendants. | : | |

_____

**MEMORANDUM**

Present before this Court is an Order to Show Cause why it should not dismiss the above-captioned action against Defendant Wawa without prejudice for Plaintiff's failure to comply with Rule of Civil Procedure 4 and Plaintiff's Motion to Extend Time for Service of the Complaint. *See* ECF Nos. 11, 12. Service of process is a critical step in order for a court to obtain proper jurisdiction over the parties before it. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are served upon the defendant.").

Here, the Court does not find good cause for an extension of the time for service of process under Rule 4(m).[1] The docket does not show there has been effective service of the Summons and Complaint on Defendant Wawa under federal or state law.  See Pl's Mot. Mem. at 5 ("Plaintiff inadvertently failed to serve Defendant Wawa within the timeframe allowed under Rule 4(m)."). In the Third Circuit, good cause is equated with "excusable neglect." *Muhammad*

---

[1] *See M.K. ex rel. Barlowe K. v. Prestige Acad. Charter Sch.*, 751 F. App'x 204, 206-07 (3d Cir. 2018) (citing Fed. R. Civ. P. 4(m); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (finding court must extend time for service if there is good cause but if good cause is not present, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.")).

*v. Pa. Dep't of Educ.*, No. 5:18-cv-02647, 2019 WL 1552567, at *5 (E.D. Pa. Apr. 10, 2019) (citation omitted).  Courts typically assess good cause by looking at three factors, namely: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *See United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988).

Plaintiff argues that "the ongoing COVID-19 health crisis and attendant circumstances" constitute good cause for counsel's inadvertent failure to serve Defendant Wawa.  *See* Pl's Mot. Mem. at 5-6.  The Court recognizes the wholly disruptive nature of the ongoing COVID-19 pandemic and acknowledges the challenges faced by working parents such as Plaintiff's counsel during this unprecedented time.  *See* Pl's Mot. Ex. A ¶¶ 3-6 (describing mandatory closure of counsel's physical law office and her children's schools resulting in full-time childcare responsibilities). However, Plaintiff has made no efforts to serve Wawa to date and only moved for enlargement of time after the Court alerted Plaintiff to the missing proof of service, which was after the time period for service had already passed. *See* Order to Show Cause, ECF No. 11. Wawa would likely not be prejudiced by this extension.  *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (explaining lower court found no prejudice where alternative remedy to extension would be dismissal without prejudice and re-service but Third Circuit found "absence of prejudice alone can never constitute good cause for late service") (citation omitted).

In our circuit, another court found that the COVID-19 pandemic is disruptive of everyday life but determined that the work of the courts must continue and parties must still pay attention to deadlines or otherwise keep the court apprised of circumstances that might justify an extension.  *See Hector v. Gov't of Virgin Islands*, No. 18-0005, 2020 WL 254984, at *1 (D.V.I.

2

May 19, 2020).  Other courts have similarly found that it remains the plaintiff's obligation to timely request an extension of time for service of process.  *See Blaylock v. UPS*, *Inc.*, Civil Action No. 1:20-00156, 2020 WL 3979667, at *1 (S.D. W.Va. July 14, 2020) ("[f]ailure to effectuate timely service due to inadvertence, without reasonable efforts to find and correct such a mistake, does not constitute good cause"); *Martin v. Saul*, No. 19-2232, 2020 WL 2079974, at *1 (C.D. Cal. Apr. 30, 2020) ("[T]he present COVID-19 pandemic may present additional obstacles for plaintiff . . . but even so, if plaintiff faces some obstacle in effecting service, it is plaintiff's responsibility to notify the court of this and request an extension of time.").

As Plaintiff's counsel notes in the Motion to Extend Time for Service, "half-hearted efforts at service" and "inadvertence of counsel" do "not amount to good cause." Pl's Mot. Mem. at 4 (quoting *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987)).  Plaintiff's counsel avers that her staff did not properly calendar the deadline for service while adjusting to working at home, and the deadline was inadvertently missed as a result.  *See* Pl's Mot. Ex. A ¶6; Pl's Mot. Mem. at 5-6. That admission amounts to "inadvertence of counsel" and does not constitute good cause.

Nonetheless, there is a reasonable prospect that service can still be properly effected, and a discretionary extension is appropriate under the circumstances. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (finding dismissal is inappropriate if service can still be properly effected); *Petrucelli,* 46 F.3d at 1305.  "[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or simply quash service of process." *Umbenhauer*, 969 F.2d at 30.  The court also remains mindful of the Third Circuit's preference that "cases be disposed of on the merits whenever practicable."  *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

4

      Thus, this Court **GRANTS** Plaintiff a discretionary extension of sixty (60) days within which to properly effect service on Defendant Wawa.  An appropriate Order follows.


DATED: August 4, 2020                            BY THE COURT:

                                                    */s/ John M. Gallagher*
                                                     JOHN M. GALLAGHER
                                                     United States District Court Judge